**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald FORD, Defendant–Appellee,**

**Walter V. Williams, as Receiver for Regular Veterans Association, Claimant–Appellant,**

and

**Margaret Ford, Claimant–Appellee.**

**No. 02–6101.**

United States Court of Appeals, Sixth Circuit.

May 19, 2004.

See also 64 Fed.Appx. 976.

Candace G. Hill, Asst. U.S. Attorney, Terry M. Cushing, Asst. U.S. Attorney, U.S. Attorney's Office, Louisville, KY, for Plaintiff–Appellee.

Donald G. Ford, Lexington, KY, pro se.

Bruce D. Atherton, George R. Carter, Atherton, Simon & Carter, Louisville, KY, for Petitioner–Appellant.

Brett D. Butler, Louisville, KY, for Petitioner–Appellee.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge.

Donald Ford operated "charity" bingo games from which he stole hundreds of thousands of dollars. Following his gambling and money-laundering convictions, the United States sought forfeiture of almost $1 million. The Regular Veterans Association (RVA) and Margaret Ford filed claims to the forfeited money. The district court dismissed RVA's claim without a hearing because RVA failed to present a prima facie case of entitlement to the forfeited money. We affirm.

## I.

The details of Donald Ford's criminal conduct—summarized in *United States v. Ford.* Case 64 Fed.Appx. 976 (6th Cir. 2003)—are not relevant to this appeal. After a federal jury found Ford guilty, the district court ordered Ford to forfeit money the United States seized during its investigation. After the United States published notice of the forfeiture, two claimants petitioned the district court asserting claims. RVA—a now-defunct organization that supported veterans' causes—filed a claim through its receiver, Walter Williams. RVA claimed ownership of the funds because Ford operated the bingo games through RVA groups he formed. Margaret Ford, Donald Ford's wife at the time of his illegal conduct, claimed a marital interest in the money.

At a status conference attended by both claimants, the district court ordered the United States and RVA to file a stipulation of facts regarding RVA's claim to the forfeited funds. The United States attempted to jointly prepare a stipulation with RVA, but RVA failed to cooperate in the process. After the joint-stipulations deadline passed, RVA filed its own unsupported "stipulations," causing the United States to ask the district court to dismiss RVA's claim. More than one month later, RVA moved to set a discovery schedule and evidentiary-hearing date.

The district court dismissed RVA's claim because RVA failed to demonstrate a pri-

ma facie case that it had a right to the forfeited funds. The district court also found that Margaret Ford established a marital claim to the money.

## II

RVA seeks to vindicate its claim on appeal and, if successful, to invalidate Margaret Ford's competing claim.

The district court dismissed RVA's petition without a hearing because RVA failed to establish a prima facie case of an ownership interest in the forfeited funds. To establish a prima facie case, a claimant must demonstrate either that it has a legal right, title, or interest in the forfeited money, or that it is a bona fide purchaser for value. 21 U.S.C. § 853(n)(6); *United States v. Campos,* 859 F.2d 1233, 1240 (6th Cir.1988). Despite having more than one year to present evidence in support of its claim, RVA failed to offer anything other than its wholly unsupported contention that the defunct organization's former association with Ford in running the bingo games entitled it to the forfeited proceeds. Without any evidence of RVA's interest in the forfeited sum, the district court properly dismissed RVA's claim, and we affirm the district court's judgment.[1]

---

1. In light of our decision, we see no need to review RVA's challenge to the district court's decision upholding Margaret Ford's claim.